IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| JOHN THOMAS KLITSCH, II and | : | BANKRUPTCY NO.: 5-17-bk-01298-JJT |
| CHRISTINA KLITSCH, | : | [Doc. #32] |
| DEBTORS | : | |
| IN RE: | : | CHAPTER 7 |
| JAIRO J. LOPEZ, | : | BANKRUPTCY NO.: 5-17-bk-02270-JJT |
| DEBTOR | : | [Doc. #16] |
| IN RE: | : | CHAPTER 7 |
| ERICKA NICOLE MULLIN, | : | BANKRUPTCY NO.: 5-17-bk-02271-JJT |
| DEBTOR | : | [Doc. #20] |
| IN RE: | : | CHAPTER 7 |
| GREGORY J. SHINER, | : | BANKRUPTCY NO.: 5-17-bk-03137-JJT |
| DEBTOR | : | [Doc. #14] |
| IN RE: | : | CHAPTER 7 |
| MELISSA M. VALUKEVICH, | : | BANKRUPTCY NO.: 5-17-bk-03134-JJT |
| DEBTOR | : | [Doc. #24] |
| IN RE: | : | CHAPTER 7 |
| CAROLINE OULD, | : | BANKRUPTCY NO.: 5-17-bk-03143-JJT |
| DEBTOR | : | [Doc. #16] |

****************************************************************************

| | | |
|---|---|---|
| WILLIAM G. SCHWAB, TRUSTEE FOR | : | {**Nature of Proceeding**: Motion for Section |
| EACH OF THE ABOVE-NAMED CASES, | : | 105 Sanctions and Disgorge Counsel Fees} |
| MOVANT | : | |
| vs. | : | |
| KEVIN TANRIBILIR, UPRIGHT LAW, | : | |
| JASON R. ALLEN, LAW SOLUTIONS | : | |
| CHICAGO LLC, LAW SOLUTIONS LLP | : | |
| and UPRIGHT LAW LLC, | : | |
| RESPONDENTS | : | |

# **OPINION**

Law Solutions Chicago LLC, trading as Upright Law LLC, (which I will refer to as Upright Law or, simply, Upright), is an Illinois-based entity "partnering" with over 400 lawyers nationwide providing consumer bankruptcy services to 6000 plus individuals throughout the

country. That entity, and its regional partner, Kevin Tanribilir, (hereinafter "Tanribilir"), are the subject of this sanction motion filed by the bankruptcy Trustee of seven Debtors who have filed in the Middle District of Pennsylvania.

The Trustee, William G. Schwab, (hereinafter "Trustee" or "Schwab"), has moved for sanctions against Tanribilir and his so-called partner, Upright, for what the Trustee describes as ethical violations in six cases[1] in which Schwab is Trustee. Schwab seeks a suspension from practice, required attendance at CLE courses, disgorgement of counsel fees, and payment of his own fees in pursuing this sanction motion. More specifically, the Motion predicates relief on 11 U.S.C. § 105 and Local Bankruptcy Rule 2090-2, which reads:

> Rule 2090-2 Attorneys - Discipline and Disbarment.
>     (a)    Suspension or Disbarment from Practice. This court has the power and authority to govern, control, and discipline the conduct of attorneys appearing before it, including the power to suspend or disbar attorneys from practice before it.
>     (b)    Failure to Appear. An attorney who fails to appear without just cause on a matter before the court or as counsel for a debtor fails to attend the debtor's § 341(a) meeting, may be subject to discipline by the court.
>     (c)    Failure to Prepare. An attorney who, without just cause, fails to adequately prepare for any pretrial conference, hearing, or trial may be subject to discipline by the court

The thrust of Schwab's Motion is that the filings are being made prior to the execution by the clients of the petition and related documents and Tanribilir, individually and as an agent of Upright, is performing subpar work for his clients. Schwab also grouses somewhat about the internet solicitations advanced by Upright, but he makes no direct accusations against the Illinois firm in the Motion except to imply it is allowing unlicensed individuals to provide legal advice. Doc. #32 at ¶ 51.

This matter was heard on November 2 and 3 of 2017. Tanribilir, Schwab, and a representative of Upright Law, Ryan Galloway, testified. It should be noted that none of the

---

[1] The six cases include one joint filing, thus affecting seven individual Debtors.

Debtors appeared or offered testimony.

While Schwab identifies shortcomings in the schedules, i.e. a failure to list assets, the thrust of the Trustee's allegations assert a failure to have the clients execute documents prior to their filings.

The Respondents acknowledge a failure to list an asset in the Klitsch matter, due to no fault by Tanribilir, but argue that this deficiency was corrected by amendment.

At hearing, Tanribilir testified and acknowledged that multiple documents were filed without being signed by the Debtors. In fact, Tanribilir admitted in an affidavit filed to Doc. #42-2 that there were no "wet signatures in advance of filing [Klitsch, Lopez, and Mullin]," which I understood to mean that these Debtors simply failed to affix their signatures to these petitions, schedules, and statements in advance of their filings.[2] Tanribilir maintains that the clients authorized him to execute the documents on their behalf. Tanribilir further alleges that advance "wet" signatures were obtained from Shiner, Valukevich, and Ould. Notwithstanding that assertion, Respondents argue that there is no *per se* requirement that a "wet" signature be obtained from a filing debtor.

Schwab argues that before a petition, list, schedule, statement, or amendment can be filed with the Court, counsel must obtain a wet-signed (pen to paper) document by the client.

***Is there a "wet signature" requirement with regard to the filing of a bankruptcy petition?***

Since the advent of electronic case filing in the bankruptcy courts of the United States, the Court has permitted and encouraged, if not required, Filing Users to electronically file documents with the Court. Filing Users are typically attorneys who have been authorized to file documents electronically. It is assumed that the use of the login and password needed to file the

---

[2] "With respect to Klitsch, Lopez, and Mullin, I did not obtain their 'wet' signatures in advance of filing their petitions. Notwithstanding that fact, each of the clients in these cases was aware that I intended to file their petitions, and wanted me to do so." Doc. #42-2 at ¶ 6.

documents to the Electronic Filing System is the signature of the Filing User (attorney) on all electronic documents filed with the Court. This also serves as a signature for purposes of Federal Rule of Bankruptcy Procedure 9011. Model Local Bankruptcy Court Rules for Electronic Case Filing, Rule 8. For those individuals and entities that are not Filing Users, however, an original signature is required and must be maintained by the Filing User (attorney).

An original signature would clearly include a wet signature. An original signature could also be in electronic form. In Pennsylvania's Electronic Transactions Act, electronic signature is defined as "[a]n electronic sound, symbol or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record." 73 Pa. Stat. Ann. § 2260.103 (West). See also 15 U.S.C. § 7001(1) providing that certain signatures should not be denied legal effect solely because it is in electronic form.

Much effort has been spent by the parties as to whether the Middle District of Pennsylvania requires the debtor to wet sign (pen to paper) the petition.

Some districts require that the original signature be "wet ink" signatures. *In re Stomberg*, 487 B.R. 775, 823 (Bankr. S.D.Tex. 2013); *In re Bradley*, 495 B.R. 747, 780 (Bankr. S.D.Tex. 2013); *In re T.H.*, 529 B.R. 112, 124 (Bankr. E.D.Va. 2015), based on a local "CM/ECF Policy Statement"; *Rattan Dev Singh Dhaliwal v. Kavindar Paul Singh (In re Kavindar Paul Singh)*, 2014 WL 842102, at *9 (9th Cir. BAP Mar. 4, 2014); *In re Grimmett*, 2017 WL 2437231, at *11 (Bankr. D.Idaho June 5, 2017); *In re Daw*, 2011 WL 231362, at *3 (Bankr. D.Idaho Jan. 24, 2011). See *In re Nakhuda*, 544 B.R. 886, 904, (9th Cir. BAP 2016), referencing the local rule BLR 5005–2(d) of the Northern District of California. Nevertheless, in the absence of some specific requirement in the statute or the rules, whatever merit the argument that wet ink signatures are a necessity, dissipates as the electronic age takes over our day-to-day lives. I note, if validity depended on the "wetness" of one's signature, few of my Orders would be

enforceable.

I believe the effort to convince me that wet signatures are required has been misdirected. The real issue is whether Federal Rules of Bankruptcy Procedure 1008 and 9011 have been complied with. Briefly, those Rules require that every bankruptcy petition be verified or accompanied by an unsworn declaration by the debtor and signed by counsel, if any, prior to filing. Moreover, all lists, schedules, statements, and amendments must be verified or accompanied by an unsworn declaration by the debtor. Traditionally, verifications involve executing a document after first taking an oath before a state or federal official authorized to administer an oath. See, 9 *Collier on Bankruptcy* ¶ 1008.01 (Richard Levin & Henry J. Sommer eds., 16th ed. 2017). The more frequently utilized alternative is signing an unsworn declaration under 28 U.S.C. § 174. If it is not so verified or signed with an unsworn declaration, then clearly the applicable rule has been violated. Whether that signature must be by "pen to paper" in an era when wet signatures are the exception rather than the rule is problematic. What is critical is that petitions, lists, schedules, statements, and amendments require verifications or unsworn declarations executed by the debtor. Federal Rule of Bankruptcy Procedure 1008. They cannot be filed without that signature. *Ross H. Briggs v. John V. Labarge, Jr.(In re John V. Labarge, Jr.)*, 433 F.3d 1068, 1071 (8th Cir. 2006). Without that simple step, there can be no assurance that the factual allegations contained within those documents are true and correct. A debtor's lawyer cannot endorse those documents for the debtor. *In re Whitehill*, 514 B.R. 687 (Bankr. M.D.Fla. 2014); *In re Stomberg*, 487 B.R. 775, 807 (Bankr. S.D.Tex. 2013), *In re Wenk*, 296 B.R. 719, 727 (Bankr. E.D.Va. 2002).

Tanribilir has acknowledged that the original petition-related documents filed in Klitsch, Lopez, and Mullin were not signed by the clients in advance of their filing. Each one of the petition date filings consists of six separate unsworn declarations, i.e. the Petition, Declaration

regarding Schedules, Statement of Financial Affairs, Statement of Intentions, Statement of Monthly Income, and the verification of Creditor Matrix. Each filing bears conformed signatures, that is, the /s/ designation followed by the typed name of the respective Debtor, presumably indicating that Tanribilir had possession of a document signed by the individual Debtors prior to the filing. These conformed signatures were affixed to the documents by Tanribilir or under his instruction. The petition date filings in Klitsch, Lopez, and Mullin were violations of Federal Rule of Bankruptcy Procedure 9011(b)(3) since Tanribilir knew that none of those documents were signed by the Debtors under penalty of perjury or the statutory proscriptions of 18 U.S.C. §§ 152, 1341, 1519 and 3571. Transcript of 11/02/2017 at 24 (Doc. #48). Nevertheless, he affixed their conformed signature to those documents. Even Tanribilir's recollection that all his clients authorized the filings in advance was suspect. Tanribilir opted not to bring his files. *Id*. at 25. He offered no explanation why he chose not to bring files for any of the cases in question.[3]

---

[3]
```
8      THE COURT: These questions Mr. Schwab is asking,
9   they're obvious questions that you should anticipate at a
10  sanction hearing. Wouldn't you think you'd need your files to
11  answer questions about what you did with regard to certain
12  cases?
13     THE WITNESS: (No verbal response).
14     THE COURT: I mean there's no secret in what I would
15  describe as driving that in the motion that you -- that you
16  have limited contact with clients, that's the allegation. And,
17  you know, I don't have to tell you that regular answers of "I
18  don't recall" without referring -- I understand how lawyers
19  bring their files to court to defend themselves. Is there some
20  reason you didn't bring your files today?
21     THE WITNESS: (No verbal response).
22     THE COURT: Again, this is a serious matter, not only
23  affecting you individually, and these cases you're involved
24  with, but because -- because we're dealing with a company that
```

Tanribilir's execution of these filings was tantamount to forgery. Forgery is defined as "[t]he act of fraudulently making a false document or altering a real one to be used as if genuine." FORGERY, Black's Law Dictionary (10th ed. 2014). In each of the cases referenced, the petition has been filed by Tanribilir over the conformed signature of the Debtor as signified by an /s/. The law would thus presume that the respective Debtors had affixed their signatures to the original document verifying that the facts therein were true and correct.

Tanribilir and Upright argue that execution by the Debtors was not essential since the Debtors authorized the bankruptcy filings. I question whether such is possible due to the penalties provided for executing false documents and that such penalties would be rendered meaningless if someone other than the Debtor executed these documents. Even if it were possible to actually authorize another to sign a document under penalty of law, there is no indication on the documents where such "authorization" is referenced and that the conformed signature in place was not evidence of the Debtor's original signature.

It is somewhat surprising that Schwab did not actually invoke Federal Rule of Bankruptcy Procedure 9011 in his Motion. Schwab utilizes 11 U.S.C. § 105, which, I have held, codifies the inherent power of the bankruptcy court. *In re Engel*, 246 B.R. 784, 789 (Bankr.

---

25   wants to have an active role in the Middle District, I feel
PAGE 38 Tanribilir - Direct
1    these are critical questions.
2         When a lawyer is the subject of sanctions, you would
3    -- regarding a specific case, you would think your natural
4    reaction was bring your file to court so they could answer
5    questions. Is there some reason you didn't do that?
6         THE WITNESS: No, Judge.
7         THE COURT: Okay. Go on. I don't want to conduct
8    your questioning for you. Maybe I'm just trying to understand
9    why there's so many "I don't recalls."
Transcript of 11/2/2017 at 37-38. (Doc. #48)

M.D.Pa. 2000). This power possessed by the bankruptcy court is not exercised lightly. It is reserved for the egregious case where bad faith is apparent. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2135, 115 L.Ed.2d 27 (1991). As suggested by *Chambers*, the court should normally rely on the Rules rather than its inherent power, unless application of the Rules is inadequate. *Chambers v. NASCO, Inc.*, 501 U.S. at 50, 111 S.Ct. at 2136. What has been demonstrated is Tanribilir's lack of understanding as to what is meant by the term "verification" as is used in Federal Rule of Bankruptcy Procedure 1008 and his willingness to certify that his client has signed a document that was not signed. While Rule 9011 provides a ready remedy for securing the proper execution of the appropriate documents, it falls short, however, in addressing a false verification if later corrected. The "safe harbor" provisions of Rule 9011 require that the filing party be given an opportunity to correct an error prior to a Rule 9011 motion being filed. Therefore, the issue of the false certification may not ever reach the court unless that document was the bankruptcy petition itself, in which case the safe harbor provision would not apply. Federal Rule of Bankruptcy Procedure 9011(c)(1)(A). Thanks, however, to the tenacity of the case Trustee, these false certifications have come to light.

This Opinion highlights my central concern that Tanribilir falsely certified documents as verified or sworn to by the Debtors when they were not. This is a clear violation of Federal Rule of Bankruptcy Procedure 1008 and the Pennsylvania Rule of Conduct 3.3.

In his post-hearing brief, Schwab explains why he didn't utilize Rule 9011 in securing signatures on the unsigned documents. Schwab suggests that his concern goes beyond the unsigned petition but frames the issue of unsigned documents as being only an element of the inadequate representation of the client by Tanribilir and Upright, deserving of this Court's imposition of an adequate sanction. Schwab does not explain how Rule 9011 comes up short in this regard except to suggest that Tanribilir's representation has been inadequate, and Upright's

participation has been in violation of the Rules of Conduct.

Schwab raises his concern in the following areas:

He questions the overall competence of Tanribilir with regard to the representation of the seven Debtors identified. He argues that the relationship Tanribilir has with Upright Law is violative of a number of restrictions identified in Pennsylvania Law. He advances that Upright Law is practicing law in Pennsylvania without authority and in violation of the Rules of Conduct.

With regard to the latter, Schwab's argument is that the process of communications between the potential client and Upright in Chicago, initiated by internet solicitations, resulted in legal advice to that client from non-lawyers, since bankruptcy chapters were chosen and fees collected, independent of the referral to the Pennsylvania "partner." This possibility is likely. Formal Opinion 10-01 of the PBA Unauthorized Law Committee. Nevertheless, in the absence of any Debtor's testimony, I am required to speculate as to what was said to them and by whom prior to the bankruptcy filing. The unauthorized practice of law is a criminal act, such that I am unwilling to make such a finding based on speculation and hearsay. See 42 Pa. Cons. Stat. Ann. § 2524 (West).

While Tanribilir's failure to secure signatures from the clients prior to filing with regard to the petitions, schedules, and statements was negligent and a possible violation of Federal Law, nothing on this record demonstrates that he was acting in bad faith as that term is understood in bankruptcy. There was no evidence that the filings were against the wishes of his clients. There was no suggestion that Tanribilir was trying to perpetrate a fraud on some creditor or other party. The record did not suggest that Tanribilir was part of an intentional effort to conceal assets or income. *In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000). The filings did not appear to serve any improper purpose. *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 120 (3d Cir. 2004).

[K:\Cathy\Opinions-Orders filed 2018\5-17-b-01298-JJT Klitsch et al_Schwab_v_Upright_Law et al pdf]

9

Case 5:17-bk-03134-JJT    Doc 53    Filed 06/13/18    Entered 06/13/18 14:41:15    Desc
Main Document    Page 9 of 11

I can find no bad faith with Tanribilir's actions beyond simple negligence and a possible violation of federal and state law in certifying Debtor's various signatures when he should not have. A violation of statute may be evidence of bad faith. *Moore v. Am. Family Mut. Ins. Co.*, 576 F.3d 781, 786 (8th Cir. 2009). It is not, however, the equivalent of finding bad faith. Without such a finding of bad faith, any sanction I would mete out against Tanribilir and/or Upright Law should be administered pursuant to Federal Rule of Bankruptcy Procedure 9011 and not § 105.

It has been held that, prior to sanctioning an attorney, "particularized notice is required to comport with due process." *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990). While a Rule 9011 violation was not alleged in the sanction Motion, there appears to be a limited exception to the requirement of advance notice of the rule violated. That circumstance is where the respondent has sufficient, advance notice of the conduct alleged to be actionable. *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995). I further observe that the exercise of my inherent powers under 11 U.S.C. § 105 require that I make finding of bad faith, while a violation under Rule 9011 merely requires objective unreasonable conduct. *Id.* To borrow a criminal analogy, an accusation of a bad faith filing of a falsified document would almost necessarily include the "lesser included offense" of a Rule 9011 violation. Moreover, as indicated earlier, there is no safe harbor provision for the filing of a falsified bankruptcy petition. I am, therefore, willing to utilize the sanctions authorized by Federal Rule of Bankruptcy Procedure 9011(c) against Tanribilir and the Upright firm, who, by agreement, has accepted joint responsibility for all cases filed over their name. Trustee Exhibit 6 at ¶ 3.E. I find that the violation consisted of filing three falsified bankruptcy petitions.

Moreover, falsely certifying that a Debtor has signed a petition, statement, or schedules and thereafter, at hearing, acknowledging that the Debtors did not so execute those documents,

suggests a violation of 18 U.S.C. § 152. The Judicial Code of Conduct, Canon 4.A.(5) requires that I take appropriate action which, in this case, compels a referral to the United States Attorney for the District.

My conclusion is that Tanribilir and Law Solutions Chicago LLC, trading as Upright Law LLC, should be sanctioned for filing three bankruptcy petitions without first securing signatures on those documents from their clients. I find that the minimum sanction needed to deter future violations is the imposition of Movant's attorney's fees against Tanribilir and Upright, jointly and severally. Rule 9011 also authorizes the Court to issue directives of a non-monetary nature. In order to prevent further occurrences of the shortcomings evidenced by the proceeding before me, I direct Tanribilir and Upright to prepare a 10 page Memorandum of Law on the necessary elements of Federal Rule of Bankruptcy Procedure 1008 and the penalties possible for a violation of that Rule and circulate same to this bankruptcy judge as well as the 400+ "partners" of Upright Law within 30 days of a final Order. Since I award reasonable attorney's fees to the Trustee, whose diligence discovered this shortcoming, I will set a hearing in that regard to determine those fees.

The Trustee's case has come up short on his actions against Respondents, Jason R. Allen, Upright Law (as distinguished from Respondent, Upright Law LLC), and Law Solutions LLP. The Trustee has shown no grounds to sanction those entities.

My Order will follow.

By the Court,

_____
John J. Thomas, Bankruptcy Judge (CMP)

Date: June 13, 2018

[K:\Cathy\Opinions-Orders filed 2018\5-17-b-01298-JJT Klitsch et al_Schwab_v_Upright_Law et al pdf]

11

Case 5:17-bk-03134-JJT    Doc 53    Filed 06/13/18    Entered 06/13/18 14:41:15    Desc
Main Document    Page 11 of 11